Case 4:18-cv-01803   Document 23   Filed in TXSD on 01/28/19   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
January 28, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN PIERCE, Individually and on Behalf of All Others Similarly Situated, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-18-1803 |
| APACHE CORPORATION, Defendant. | § § § | |

## **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Conditional Certification ("Motion") [Doc. # 17] filed by Plaintiff Brian Pierce, to which Defendant Apache Corporation ("Apache") filed a Response [Doc. # 20], and Plaintiff filed a Reply [Doc. # 22]. The Court has carefully reviewed the record and the applicable legal authorities. Based on that review, the Court **grants** Plaintiff's Motion, conditionally certifies the putative class as defined in the Reply, and requires the parties to confer promptly regarding an appropriate notice.

### I.    BACKGROUND

Apache is a global oil and gas exploration and production company. Pierce worked for Apache as a Safety Consultant. He alleges that he and other Safety Consultants were paid a day rate and were improperly classified as independent contractors. Pierce filed this lawsuit against Apache, alleging that it misclassified him

and other Safety Consultants as independent contractors and failed to pay them wages and overtime compensation at the rates required by the FLSA.

Pierce seeks conditional certification of this case as a collective action. In the Motion, Pierce seeks conditional certification of a putative class of:

> All current and former Safety Consultants working on behalf of Apache Company in the past three years who were classified as independent contractors and paid a day rate.

Motion, p. 15. In the Reply, Pierce agrees to limit the putative class to "drilling and completions Safety Consultants in the three Texas Divisions" – the Delaware Basin, Permian Basin, and Midland Divisions.[1] *See* Reply, p. 5. The Court's analysis is based on this revised definition of the putative class. The Motion has been fully briefed and is now ripe for decision.

## II. APPLICABLE LEGAL PRINCIPLES

### A. FLSA Obligations

The FLSA provides that "no employer shall employ any of his *employees* . . . for a workweek longer than forty hours unless such *employee* receives compensation for his employment in excess of the hours above specified at a rate not less than one

---

[1] Apache uses safety consultants in two separate operations: (1) drilling and completions, and (2) construction and production. *See* Declaration of John Blake, Exh. 1 to Response, ¶ 5. It is undisputed that Pierce worked exclusively as a Safety Consultant for the drilling and completions group.

and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (emphasis added). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014); *see also Garcia v. U Pull It Auto & Truck Salvage, Inc.*, 657 F. App'x 293, 296 (5th Cir. 2016). As a result, a fundamental requirement of an FLSA claim is that each plaintiff be an employee of the defendant during the relevant time periods.

**B.     Standard for Conditional Certification**

When considering whether to certify a lawsuit under the FLSA as a collective action, courts in this federal district generally use a "two-step *ad hoc* approach." *See Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012); *Garcia v. Vasilia*, 2018 WL 3628851, *2 (S.D. Tex. July 25, 2018); *Jones v. Xerox Commercial Solutions, LLC*, 2013 WL 5945652 at *3 (S.D. Tex. Nov. 6, 2013). At the first stage, the Court decides whether to issue notice to potential class members. *Walker*, 870 F. Supp. 2d at 465. The second stage occurs when discovery is largely complete and the

defendant moves to "decertify" the conditionally certified class. *Id.* at 466. "Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010); *see also Aguirre v. Catholic Health Initiatives, Inc.*, 2018 WL 2767403, *2 (S.D. Tex. June 8, 2018).

At the notice stage, the Court's decision is generally based on the pleadings, affidavits, and other limited evidence. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds* by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Walker*, 870 F. Supp. 2d at 465; *Aguirre*, 2018 WL 2767403 at *2. At this stage, the plaintiff is required to show that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Walker*, 870 F. Supp. 2d at 465-66; *see also Andel v. Patterson-UTI Drilling Co., LLC*, 280 F.R.D. 287, 289 (S.D. Tex. 2012); *Aguirre*, 2018 WL 2767403 at *2. "Although collective actions under the FLSA are generally favored, the named plaintiff(s) must present some factual support for the existence of a class-wide policy or practice." *Carey v. 24 Hour Fitness USA, Inc.*, 2012 WL 4857562, at *1 (S.D. Tex. Oct. 11, 2012) (citing *Walker*, 870 F. Supp. 2d at 466).

To be "similarly situated," there must be "substantial allegations that potential members 'were together the victims of a single decision, policy, or plan.'" *McKnight*, 756 F. Supp. 2d at 801 (quotations and citations omitted). Certification should be denied "'if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *Id.* (quoting *England v. New Century Fin. Corp.,* 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). Where minimal evidence is advanced at the notice stage, the conditional class determination "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in. *See id.* (quoting *Mooney*, 54 F.3d at 1214 n.8); *see also Walker*, 870 F. Supp. 2d at 465.

### III.   ANALYSIS

#### A.   Similarly-Situated Aggrieved Individuals

As noted above, to obtain conditional certification of this case as a collective action, Pierce must demonstrate that he and those he seeks to include in the collective action are similarly situated in relevant respects given the claims and defenses asserted. *See Andel*, 280 F.R.D. at 289. In this case, Apache argues that Pierce has failed to demonstrate that the other Safety Consultants were similarly situated because their status as independent contractors requires an individualized analysis.

To determine if a worker is an employee or an independent contractor, courts in the Fifth Circuit apply an "economic realities" test – analyzing whether "as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). In applying the "economic realities" test, the Court considers five factors: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Id*. The list is non-exhaustive, no single factor is determinative, and "each factor is a tool used to gauge the economic dependence of the alleged employee, and each must be applied with this ultimate concept in mind." *Id*.

In many FLSA cases involving independent contractors, the analysis of the "economic realities" factors involves a highly individualized evidentiary presentation. *See, e.g., Andel v. Patterson-UTI Drilling Co., LLC*, 280 F.R.D. 287 (S.D. Tex. 2012); *Christianson v. Newpark Drilling Fluids, LLC*, 2015 WL 1268259 (S.D. Tex. Mar. 19, 2015); *White v. KSW Oilfield Rental, LLC*, Civil Action No. H-18-1983 (S.D. Tex. Nov. 16, 2018). In this case, however, Pierce has presented evidence that the

economic realities factors are the same or substantially similar for all drilling and completions Safety Consultants in Apache's Texas Divisions.[2]

Pierce has presented his sworn Declaration. *See* Sworn Declaration of Brian S. Pierce, Exh. 1 to Motion. Through this Declaration, Pierce presents evidence that Apache classifies all Safety Consultants as independent contractors, pays them all a day rate, and fails to pay them overtime compensation for the hours they worked in excess of forty per week. *See id.*, ¶ 24. Pierce presents evidence that Apache assigns each Safety Consultant to a particular rig where he or she works rotating shifts of 14-days on the job, followed by 14-days off. *See id.*, ¶ 7. Pierce presents evidence that Safety Consultants were not permitted to refuse assignments, to leave the assigned area for the full 14-day "hitch," or to hire others to help with the work. *See id.*, ¶¶ 16, 29, 31.

Through his sworn Declaration, Pierce presents evidence also that he and the other Safety Consultants had little or no financial investment in working for Apache beyond work clothes, transportation to and from work, and personal electronics

---

[2] Apache contests some of Pierce's evidence. For example, Apache contests that Safety Consultants were prohibited from working for other companies. *See* Declaration of John Black, Exh. 1 to Response, ¶ 12. At the conditional certification stage, however, the Court does not "assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010).

equipment such as laptops and cell phones. *See id.*, ¶¶ 33-34. Pierce states under oath that Safety Consultants were not financially responsible for damaged equipment and had no risk of business loss. *See id.*, ¶ 38. Pierce presents evidence that Safety Consultants were not allowed to work for any company other than Apache, they had no ability to negotiate the amount or method of compensation for their work, and there was no ability to earn a profit or suffer a loss. *See id.*, ¶¶ 39-40.

Pierce states in his sworn Declaration that Apache "did not require significant prerequisite training, certification or experience. Safety Consultants typically learn on-the-job. Schooling or certification is not required." *See id.*, ¶ 41. Pierce admits that he had training and certifications in safety, but states under oath that the training and certifications are not required.

Pierce states under oath that most Safety Consultants work for Apache for many months or years. *See id.*, ¶ 42. Indeed, Pierce worked exclusively for Apache for 14 months. *See id.*, ¶ 43.

In conclusion, Pierce has adequately demonstrated that he and the other Safety Consultants he seeks to represent are sufficiently similar for conditional certification. He and Apache have presented disputed evidence. The ultimate resolution of these factual disputes, and the eventual analysis of the "economic realities" factors, may or may not demonstrate that the Safety Consultants were misclassified as independent

contractors. The current record indicates, however, that much of the "economic realities" analysis will be the same for all Safety Consultants. As a result, Pierce has met the "substantially similar" factor for conditional certification.

### B. Other Aggrieved Individuals Want to Opt-in

Pierce must also demonstrate that there are other aggrieved individuals who want to opt-in to this lawsuit. *See, e.g., Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999); *Jones v. Xerox Commercial Sols., LLC*, 2013 WL 5945652, at *4 n.43 (S.D. Tex. Nov. 6, 2013). This factor is easily satisfied if there is some evidence that others are likely to want to join the litigation. To satisfy this factor, however, courts in this District require more than a plaintiff's self-serving conclusory affidavit that fails to identify specific individuals that would want to join the suit.

In this case, Pierce has identified four former Safety Consultants at Apache who would want to join this lawsuit. *See* Pierce Declaration, ¶ 45. Although he does not currently know the names and contact information for these former Safety Consultants, he knows that they "were unhappy about the pay and hours with Apache" and "quit because of this." *See id.* Under the circumstances, including the fact that these four individuals no longer work at Apache, Pierce's sworn statement is as

detailed as possible. The Court finds that Pierce's evidence is adequate to satisfy this factor of the conditional certification analysis.

### C. **Appropriate Notice**

The parties have several disagreements regarding the proper language for the Notice to putative class members and the manner of providing the Notice. Because the Safety Consultants are often away from home for extended periods of time, the parties agree that the Notice should be sent to putative class members by both first class mail and email. The Court finds that this is an adequate method for ensuring delivery of the Notice to the putative class members and declines Pierce's request to follow up with telephone calls to the putative class members. Individuals who no longer work as Safety Consultants for Apache are no more likely to have changed their email addresses than to have changed their phone numbers. Therefore, the Notice will be sent by first class mail and by email, but no follow-up telephone calls will be permitted without further leave of Court. Additionally, to avoid confusion, the Notice will be sent by first class mail and by email only once unless the parties agree otherwise.

Apache requests that certain additional information be added to the Notice language. Pierce agrees that the Notice can include language clarifying that if the recipient was not paid a day rate while working for Apache, he should not return the

consent form. Pierce agrees also that the Notice can be amended to advise the recipient that he can consult with a lawyer of his choice. Pierce agrees that the Notice language can include a statement that Apache disputes that it owes any overtime wages. The Court requires that the Notice advise the recipient of Apache's disagreement with the allegations. The parties are directed to discuss the language to be used in the Notice to accomplish this goal.

Apache seeks to include warnings to the putative class members that they may be required to pay their share of Apache's taxable costs if Apache prevails in this lawsuit, that they may be required to participate in written discovery or depositions, and that they may need to travel to Houston for trial. The Court agrees that the putative class members should have sufficient information to make an informed decision whether to opt into this lawsuit, but does not require that each of these topics be covered in any detail in the Notice. Instead, the parties are directed to discuss the language to be used in the Notice to provide adequate information regarding the potential consequences of opting into the lawsuit.

Pierce wants the Court to order that Apache is prohibited from communicating with putative class members during the opt-in period. There is nothing in this record that suggests Apache and its managers will not comply with the prohibition against

dissuading putative class members from exercising their rights.[3] As a result, on this record, the Court finds it unnecessary to issue an order for such compliance.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Pierce's Motion for Conditional Certification [Doc. # 17] is **GRANTED**. The Court conditionally certifies a putative class of:

> All current and former drilling and completions Safety Consultants working on behalf of Apache Company in the Texas Divisions of Delaware Basin, Permian Basin, and Midland, in the past three years who were classified as independent contractors and paid a day rate.

It is further

**ORDERED** that counsel are directed to confer promptly regarding an appropriate Notice, consistent with this Memorandum and Order, and a deadline for Apache to produce full names, contact information (including email addresses if known), and dates of employment for all putative class members. Apache may elect to produce this information in the manner in which it is maintained in the ordinary course of its business, or in any format agreed to by the parties. The parties should also confer regarding the date for sending the Notice and the deadline for putative class members to return the Consent Forms. The Court believes the suggested 60-day

---

[3] The FLSA prohibits defendants or their attorneys from dissuading putative class members from exercising their rights. 29 U.S.C. § 215(a)(3).

period for putative class members to return the Consent Forms is reasonable, but the parties may agree on a different period. It is further

**ORDERED** that on or before **February 15, 2019**, counsel shall either submit an agreed proposed Notice and schedule, or advise the Court in writing of their disagreements. It is further

**ORDERED** that the initial conference is **RESCHEDULED** to **June 24, 2019, at 1:00 a.m.**

Signed at Houston, Texas, this <u>28th</u> day of **January, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE